GERARD H. ROY AND MARGUERITE ROY, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. NORMAN H. HUNTER, DEFENDANT-PROSECUTOR.

Argued June 20, 1946—Decided July 17, 1946.

Before Justice BODINE (at chambers under the statute).

For the prosecutor, *Weber & Muth.*

For the respondents, *Martin J. Cummins.*

BODINE, J.   A proceeding was instituted in the First Judicial Court of Bergen County to recover possession of one floor of a dwelling located in the Borough of Glen Rock. Glen Rock is not within the jurisdictional limits of the First District Court of Bergen County but is located within the jurisdictional limits of the Fourth Judicial Court of that county.   A motion was made to dismiss the proceedings on the ground of lack of jurisdiction.   The motion was denied and judgment for possession was granted to the landlord. *Certiorari* was allowed and the judgment was aside.

The jurisdiction of the District Courts in Bergen County is fixed by *R. S.* 2:8–4.   Under the District Court Act *R. S.* 2:8–39, it is provided that in actions to dispossess tenants the action shall be brought in the District Court in the city or district in which the premises are situate.   Chief Justice Gummere so construed the act in *Pignataro* v. *Howe,* 116 *Atl. Rep.* 270.

*R. S.* 2:32–265, providing for summary proceedings for the recovery of leased premises, is expressly limited by *R. S.* 2:8–39.   *R. S.* 2:58–17 provides for the removal of tenants

in certain cases by a proceeding in any District Court. This enactment had its origin long before Judicial District Courts were generally created and counties were divided into districts.

It is argued that any District Court had jurisdiction because of the decision in *Taylor* v. *The Small Cause Court, Camden County*, 123 *N. J. L.* 40. That decision holds merely that *R. S.* 2:58–17 vests jurisdiction under the Landlord and Tenant Act in dispossession proceedings in the District Court in counties in which such a court is located and is controlling, notwithstanding the provision of *R. S.* 2:9–16 vesting jurisdiction in a justice of the peace holding the Small Cause Court. That is not a determination that any District Court, where Judicial District Courts have been set up, may exercise jurisdiction in Landlord and Tenant proceedings. See, also, *Burtchaell* v. *Wright*, 126 *Id.* 429.

Where the legislature has set up more than one District Court in a judicial district, a Judicial District Court, where the premises are situate, is the sole court that has jurisdiction. for the institution of proceedings for the dispossession of tenants. Any other rule would lead to an unseemly contest between courts as to which had jurisdiction of the subject-matter. The result would be confusing and disorderly.

The proceedings instituted will be set aside, with costs.